Opinion Issued April 1, 2010








          

 

 

 

 

 

 

 

 

 

 



 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-08-00614-CR

____________

 

 

John Carl Aldridge, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 



 

On Appeal
from the 263rd District Court

Harris
County, Texas



Trial Court Cause No. 
1112686

 






MEMORANDUM OPINION








          Appellant,
John Carl Aldridge, appeals from a judgment sentencing him to 10 years in
prison for felony stalking.  Appellant’s
court-appointed counsel has filed an Anders brief in which he states
that no valid grounds for appeal exist and that appellant’s appeal is
frivolous.  See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant has not submitted a pro se reply brief.  We conclude no reversible error exists and
affirm. 

Background








          Appellant
was placed on deferred adjudication for two years for the offense of felony
stalking on June 7, 2007.  Appellant’s community supervision required
that appellant abide by a Family Violence Protective Order, perform a total of
180 hours in the Community Service Restitution Program at a rate of 10 hours
per month, participate in a domestic violence treatment program, participate in
an anger management treatment program, and pay additional fees as required by
the community supervision order. Appellant signed an order in which he
acknowledged that “failure to abide by these Conditions of Community
Supervision may result in the revocation of Community Supervision or an
adjudication of guilt.”  

 

After he was placed on the community
supervision appellant continued to contact the individual named in the
protective order by sending numerous e-mails, leaving voice messages on her
home telephone, and threatening acquaintances of the individual.  Appellant also failed to complete the court
ordered Community Service Restitution Program at 10 hours per month for a total
of 180 hours beginning June 7, 2007. 
Appellant was over 30 hours in arrears in his community service.

In March 2008, the State of Texas
filed a Motion to Adjudicate Guilt and held a hearing about six weeks later.  Appellant entered a plea of true to each of
the allegations, and stipulated to the evidence offered by the State.  Specifically, appellant acknowledged it was
true that he violated the terms and conditions of Community Supervision by
violating the Family Violence Protective Order by intentionally and knowingly
communicating with a protected individual. 
He also acknowledged it was true that he violated the terms and
conditions of Community Supervision by failing to complete the community
service and anger management treatment as ordered by the court.

After accepting appellant’s plea of
true, the trial court began an evidentiary hearing.  The record shows as follows:








Court: State
[has] moved  to adjudicate your guilt,
alleging that you violated terms and conditions of your probation and,
specifically, they’re all set forth out here. 
Which one is the State going on, any particular offenses? 

 

State: We
are, Your Honor.  He’s entering a plea of
true to all the allegations, mainly misdemeanor law violations, violation
protective order.

 

Court:  Is that true? 
You’re  pleading true to all the
allegations set forth in the motion; is that right, sir?  

 

Appellant:  No, Your Honor, he’s not pleading true to the
ones on the money issues.  I believe we
did provide receipts showing he was current on those.  

 

Court:  Okay. 
Save and except for those allegations involving money, is he pleading true
to the allegations? 

 

Appellant:  Yes, Your Honor.  

 

Court:  All right. 
All right.  Then let’s – so this
is really a hearing with regard to the punishment aspect of the adjudication
hearing.  

 

Appellant: 
Yes, Your Honor. 

At the evidentiary hearing, witnesses
testified appellant violated the protective order.  The State also presented emails, photographs,
and an audio tape as evidence.  Appellant
presented evidence in the form of his own testimony and on cross-examination in
which he denied the specific allegations offered by the State pertaining to the
protective order.  No one in the
evidentiary hearing testified concerning the other allegations in the motion to
adjudicate.  

Appellant’s attorney filed a motion
to withdraw along with an Anders
brief.  Appellant’s counsel contends that
the evidence introduced at trial is legally and factually insufficient to prove
a violation of the protective order. 
Counsel, however, explains that he is filing an Anders brief because the other allegations to which appellant
pleaded true were each sufficient to violate appellant’s Community
Supervision.  As the attorney points out,
the fact that appellant pleaded true to violating the community service and
anger management requirements, requires that we affirm the revocation of the
deferred adjudication, even if the evidence was legally or factually
insufficient to prove a violation of the protective order.[1]

Anders Procedure

          The
brief submitted by appellant’s court-appointed counsel states his professional
opinion that there are no arguable grounds for reversal on appeal and that any
appeal would, therefore, be frivolous.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders requirements
by presenting a professional evaluation of the record and stating why there are
no arguable grounds for reversal on appeal. 
See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim. App.
1969).   

          When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  In conducting our review, we consider any pro
se response that the defendant files to his appointed counsel’s Anders
brief; however, appellant has not filed a pro se response.  See Bledsoe v. State, 178 S.W.3d 824,
826–28 (Tex. Crim. App. 2005).  

          Our
role in this Anders appeal, which does not include a pro se response by
appellant, is limited to determining whether arguable grounds for appeal
exist.  Id. at 827.  If we determine that arguable grounds for
appeal exist, we must abate the appeal and remand the case to the trial court
to allow the court-appointed attorney to withdraw.  Id. 
The trial court must then either appoint another attorney to present all
arguable grounds for appeal or, if the defendant wishes, allow the defendant to
proceed pro se.  Id.  If we determine that there are arguable
grounds for appeal, appellant is entitled to have new counsel address the
merits of the issues raised.  Id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.   


          If,
on the other hand, we determine, from our independent review of the entire
record, that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. 
Id. at 826–27.  The holding
that there are no arguable grounds for appeal is subject to challenge by an
appellant by a petition for discretionary review filed in the Court of Criminal
Appeals.  Id. at 827 & n. 6. 

          In
accordance with Anders and Bledsoe, we have reviewed the record,
appellant’s appointed counsel’s Anders brief,  and conclude that no reversible error exists.

                                                




 

Conclusion

          We
affirm the judgment of the trial court and grant appointed counsel’s  motion to withdraw.[2]

                             

                                                          

                                                          Elsa
Alcala

                                                          Justice

 

Panel consists of Chief Justice Radack, and Justices
Alcala, and Higley.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 

 

 

 

 

 

 











[1]
          See Sanchez v. State, 603
S.W.2d 869, 871 (Tex. Crim. App. 1980) (holding proof of a single violation
will support a community supervision revocation order); Brown v. State,
No. 01-04-00642-CR, 2005 WL 1111415, at *3 (Tex. App.—Houston [1st
Dist.] May 05, 2005, no pet.) (mem. op., not designated for publication) (same).   





[2]
          Appointed counsel still has a duty to inform appellant of the result of
this appeal and that he may, on his own, pursue discretionary review in the
Court of Criminal Appeals.  See Bledsoe
v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); Ex Parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State,
35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).